Henry C. Bunsow (SBN 60707) (bunsowh@howrey.com)
K. T. Cherian (SBN 133967) (cheriank@howrey.com)
Robert F. Kramer (SBN 181706) (kramerr@howrey.com)
Constance F. Ramos (SBN 203637) (ramosc@howrey.com)
Aaron Myers (SBN 200145) (myersa@howrey.com)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Plaintiff/Counterclaim-Defendant
BRIDGELUX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CV 08 80028 MISC

| | |
|---|---|
| In the matter of Cree, Inc.'s Rule 45 Subpoenas to Non-party Philips Lumileds Lighting Company in the action<br><br>BRIDGELUX, INC.,<br><br>  Plaintiff and Counterclaim-Defendant,<br><br>  vs.<br><br>CREE, INC.,<br><br>  Defendant and Counterclaim-Plaintiff. | Case No. 9:06-CV-00240-RHC<br>(pending in U.S.D.C., E.D. Tex., Lufkin Div.)<br><br>**PLAINTIFF AND COUNTERCLAIM-DEFENDANT BRIDGELUX, INC.'S NOTION OF MOTION AND MOTION TO QUASH DEFENDANT AND COUNTERCLAIM-PLAINTIFF CREE, INC.'S SUBPOENAS TO NON-PARTY PHILIPS LUMILEDS LIGHTING COMPANY AND REQUEST FOR MONETARY SANCTIONS, AND MEMORANDUM IN SUPPORT OF SAME**<br><br>Purported date of service of first subpoena: Feb. 27, 2008<br><br>Document production commanded: March 3, 2008<br><br>Deposition demanded: March 10, 2008<br><br>Purported date of service of second subpoena: March 7, 2008<br><br>Document production commanded: March 10, 2008<br><br>Deposition demanded: March 10, 2008 |

BRIDGELUX INC.'S NOTICE AND MOTION TO QUASH CREE INC.'S SUBPOENA TO LUMILEDS AND MEMO. IN SUPPORT

CASE NO. 9:06-CV-00240-RHC (PENDING IN U.S.D.C., E.D. TEX., LUFKIN DIV.)

**TO ALL PARTIES AND LUMILED AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that before the judge to whom the Clerk of the Court refers this motion, and at such time as the Clerk may set the hearing on this motion, which will be heard at the U.S. District Court, 450 Golden Gate Ave., San Francisco, CA 94102, Plaintiff and Counterclaim-Defendant BridgeLux, Inc. ("BridgeLux") will move, and hereby does move, (1) to quash the subpoenas issued by this Court and served on non-party Philips Lumileds Lighting Company ("Lumileds") by Defendant and Counterclaim-Plaintiff Cree, Inc. ("Cree"); and (2) for sanctions against Cree, Inc. and its counsel David C. Radulescu of Weil, Gotshal & Manges LLP, in an amount and upon evidence to be submitted in the event the Court allows such sanctions.

This motion was necessitated by the conduct of Cree and its counsel in (a) serving a subpoena that is facially defective under Rule 45(a)(1); (b) failing to meet and confer regarding the scheduling of the deposition as required by N.D. Cal. Local Rule 30-1; (c) failing to provide prior notice of the subpoena to all parties in the action as required by Rule 45(b)(1); (d) failing to provide a proper notice of deposition under Rule 30(b)(1); (e) failing to allow a reasonable time for compliance as required by Rule 45(b)(2); (f) failing to meet and confer in good faith regarding BridgeLux's anticipated motion to quash as required by N.D. Cal. Local Rule 37-1; (g) refusing to withdraw the subpoena following notice of these defects despite Cree's failure to dispute the facts and legal authorities upon which this motion are based; and (h) serving a second subpoena that fails to allow a reasonable time for compliance as required by Rule 45(b)(2), while still refusing to withdraw the first subpoena. This motion should be granted because the Cree subpoenas violate multiple requirements of Rule 30 and Rule 45 and because Cree has failed to meet and confer in good faith as required this Court's Local Rules.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Aaron Myers ("Myers Decl."), all exhibits attached thereto, the entire record in this matter, and such further argument and evidence as may be presented to the Court at the hearing.

HOWREY LLP

BRIDGELUX INC.'S NOTICE AND MOTION TO QUASH CREE INC.'S SUBPOENA TO LUMILEDS AND MEMO. IN SUPPORT    1    CASE NO. 9:06-CV-00240-RHC (PENDING IN U.S.D.C., E.D. TEX., LUFKIN DIV.)

## MEMORANDUM OF POINTS AND AUTHORITIES

### FACTS

BridgeLux filed this patent infringement action against Cree on October 17, 2006, in the Eastern District of Texas. Cree filed its counterclaims on November 12, 2007. Pursuant to the Court's orders, non-expert discovery in the patent case must be completed by March 10, 2008. Myers Decl., ¶ 2. At issue in the case are several United States Patents generally related to high-brightness light emitting diodes (LEDs). Among other claims, BridgeLux contends that Cree's asserted patent is invalid for failure to list Dr. Steve Lester as one of the inventors. Non-party Lumileds previously employed Dr. Lester. *Id.* ¶ 3. Before the Court are Cree's two subpoenas to Lumileds.

On February 27, 2008, Cree purportedly served by unknown means a "SUBPOENA IN A CIVIL CASE" (Form AO88, Rev. 1/94) commanding Lumileds to produce various categories of documents on March 3, 2008, a mere three (3) court days later, and to appear for a deposition on February 27, a mere eight (8) court days later. *See* Myers Decl., Exs. 1 & 2.[1] On March 7, 2008, Cree served another subpoena on Lumileds, this time commanding both document production and appearance on March 10, 2008, the very next business day. *See* Myers Decl., Ex. 4. Cree's subpoenas are defective and abusive. Cree's multiple violations of Rule 30, Rule 45 and this Court's Local Rules warrant an order quashing the subpoenas and imposing monetary sanctions.

### ARGUMENT

**I.   CREE'S SUBPOENA IS DEFECTIVE AND ABUSIVE AND SHOULD BE QUASHED.**

Federal Rule of Civil Procedure 30 authorizes oral depositions and demands for production of documents at a deposition. Fed. R. Civ. P. 30. Federal Rule of Civil Procedure 45 authorizes issuance of a subpoena commanding the person to whom it is directed to attend and give testimony and to permit inspection of designated records or things at a deposition. Fed. R. Civ. P. 45(a)(1)(C). Cree's subpoenas to Lumileds violate multiple requirements of Rule 30, Rule 45, and the Local Rules.

---

[1] BridgeLux does not know when or how Cree served the subpoena. The subpoena is dated February 25, 2008, but the attached proof of service is completely blank. *See* Myers Decl., Ex. 1. Cree forwarded the subpoena to BridgeLux by email on February 28, 2008, with a message stating that Cree served the subpoena on Lumileds on February 27, 2008. *See* Myers Decl., Ex. 2. For purposes of this motion, BridgeLux assumes that Cree's written representation of service on February 27 is truthful.

HOWREY LLP

BRIDGELUX INC.'S NOTICE AND MOTION TO QUASH CREE INC.'S SUBPOENA TO LUMILEDS AND MEMO. IN SUPPORT   2   CASE NO. 9:06-CV-00240-RHC (PENDING IN U.S.D.C., E.D. TEX., LUFKIN DIV.)

### A. Cree's First Subpoena Fails To Identify the Court In Which The Action Is Pending.

Rule 45(a)(1)(B) provides that "[e]very subpoena shall . . . state the title of the action [and] the name of the court in which it is pending . . ." Cree's subpoena fails to identify the court in which the action is pending. Cree's subpoena therefore is facially defective and should be quashed.

### B. Cree Failed to Meet and Confer About Scheduling the Lumileds Deposition.

N.D. Cal. Local Rule 30-1 provides: "For the convenience of witnesses, counsel and parties, before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel . . . . A party noticing a deposition of a witness who is not a party or affiliated with a party must also meet and confer about scheduling, but may do so after serving the non-party witness with a subpoena." Cree made no attempt to meet and confer with BridgeLux regarding the timely scheduling of the deposition. Myers Decl., ¶ 6. Instead, Cree unilaterally set the deposition for March 10, the very last day of discovery, and merely eight (8) days from service of the subpoena. *Id.* ¶¶ 2, 4.

### C. Cree Failed To Provide Prior Notice Of The First Subpoena To BridgeLux.

Rule 45(b)(1) requires that a party serving a subpoena demanding production of documents "shall" serve "prior notice" on each party in the action in the manner prescribed by FRCP 5(b). "Prior notice" means notice prior to service of the subpoena (rather than prior to compliance) in order to provide adequate time to object prior to the deposition. *See San Francisco Bay Area Rapid Transit Dist. v. Spencer*, 2006 U.S. Dist. LEXIS 81677, at *15 (N.D. Cal. Oct. 23, 2006) ("The requirement of prior notice has been interpreted to require that notice be given prior to the issuance of the subpoena, not prior to its return date.") (citing *Schweizer v. Mulvehill,* 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000); 9 Moore's Federal Practice, 45.03(4)(b) at 45-27 (3d Ed. 1999)); *see also Biocore Med. Technologies, Inc. v. Khosrowshahi*, 181 FRD 660, 667 (D. KS 1998). Next-day or even contemporaneous notice to the parties in the action does *not* satisfy the "prior notice" requirement, absent special circumstances such as where the parties already were on notice by an earlier identical subpoena and thus had ample opportunity to object. *See id.; see also* Schwarzer, et al., CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2007) § 11:2277.1 at 11-280 ("To afford adequate time for objection, notice

HOWREY LLP

BRIDGELUX INC.'S NOTICE AND MOTION TO QUASH CREE INC.'S SUBPOENA TO LUMILEDS AND MEMO. IN SUPPORT — 3 — CASE NO. 9:06-CV-00240-RHC (PENDING IN U.S.D.C., E.D. TEX., LUFKIN DIV.)

1  must be given well in advance of the production date.") (citing *Butler v. Biocore Medical*
2  *Technologies, Inc.*, 348 F.3d 1163, 1173 (10th Cir. 2003)).

3      By its own written admission, *see* Myers Decl., Ex. 2 (Giri Pathmanaban's email to Connie
4  Ramos dated February 28 at 11:34 a.m.), Cree served the subpoena on Lumileds on February 27, but
5  did not provide notice of the subpoena to BridgeLux until February 28. Cree therefore failed to satisfy
6  the prior notice requirement. Consequently the subpoena is defective and should be quashed.

7      **D.   Cree Failed to Serve Proper Notices of Deposition on BridgeLux.**

8      The party desiring to take a deposition (whether by subpoena to a non-party or otherwise) must
9  give reasonable written notice to every other party in the action. Fed. R. Civ. P. 30(b)(1). The
10 deposition notice is required to set forth the date, time and place for taking the deposition, the name
11 and address of each person to be examined if known, a general description sufficient to identify the
12 examinee, and the method by which the testimony shall be recorded (i.e., stenographically, audio,
13 video, etc.). Fed. R. Civ. P. 30(b)(2).

14     Cree's notice of deposition of Lumileds pursuant to the first subpoena is defective in that it fails
15 to set forth the time of deposition or the method by which the testimony shall be recorded. *See* Myers
16 Decl., Ex. 1. Cree did not provide any notice of deposition for its second subpoena to Lumileds.
17 Myers Decl., ¶ 11. While Cree forwarded the first subpoena to BridgeLux by email (after it was
18 served and without a completed proof of service), and forwarded the second subpoena by email as well
19 (apparently before it was served), *see id.*, this does not satisfy the requirements of Rule 30, as the
20 subpoenas contain the same defects. Consequently, Cree's subpoenas should be quashed.

21     **E.   Cree's First Subpoena Fails To Allow Reasonable Time for Compliance.**

22     Rule 45(b)(2) requires that a party serving a subpoena allow a reasonable amount of time for
23 compliance. While this provision primarily protects the person to whom the subpoena is directed, it
24 also protects the parties in the action. Courts generally have held that a subpoena demanding
25 appearance or document production less than 10 court days following service of the subpoena fails to
26 allow a reasonable time for compliance. *See, e.g., United States v. Philip Morris Inc.*, 312 F.Supp.2d
27 27, 36-37 (D. D.C. 2004) (three days not "reasonable" notice, "especially to busy litigators who need
28 to prepare to testify about events occurring six to nine years previously"); *In re Sulfuric Acid Antitrust*

HOWREY LLP

BRIDGELUX INC.'S NOTICE AND MOTION TO QUASH CREE    4    CASE NO. 9:06-CV-00240-RHC (PENDING IN U.S.D.C.,
INC.'S SUBPOENA TO LUMILEDS AND MEMO. IN SUPPORT    E.D. TEX., LUFKIN DIV.)

*Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) (ten days notice normally is reasonable, but it depends on the circumstances of the case: "What would be reasonable even in a late state of a relatively simple case with few lawyers may take on a very different cast where . . . the case is exceedingly complex, the depositions are to occur virtually hours before the discovery cut-off, and . . . the schedules of the deponents and a number of lawyers would be unable to accommodate the belatedly filed notices.").

In *Ultratech, Inc. v. Tamarack Scientific Co.*, 2005 WL 696979, *1 (N.D. Cal. 2005), this Court previously interpreted the requirement of "reasonable notice" set forth in Rule 30 under similar circumstances. In that case, the defendant also failed to abide by Civil L.R. 30-1 and unilaterally noticed two depositions, the latter set for the date of discovery cut-off, a mere six (6) days after the notice. The Court held that such notice was *not* reasonable, and rejected the defendant's request to take the depositions. *Id.; see also* Federal Civil Procedure Before Trial, 11-164 (2007) (ten days is minimum "reasonable" notice); *In re Sulfuric Acid Antitrust Litig.*, 231 FRD at 327 (ten days notice not reasonable where the case is complex and the depositions are to occur just before the discovery cut-off).

Cree's first subpoena fails to allow a reasonable time for compliance. According to Cree's counsel, Cree served the first subpoena on Lumileds on February 27. *See* Myers Decl, Ex. 2. The subpoena demands that Lumileds produce documents on March 3, merely three (3) court days following service, and that Lumileds appear at deposition on March 10, merely eight (8) court days following service. *See* Myers Decl, Ex. 1. This is not a reasonable amount of time for compliance. *See Ultratech*, 2005 WL 696979, *1 (N.D. Cal. 2005); *Philip Morris*, 312 F.Supp.2d at 36-37; *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 327. Consequently, the subpoena violates Rule 45(b)(2) and should be quashed.

### F.  BridgeLux Attempted To Meet And Confer With Cree To Avoid Motion Practice, But Cree Refused.

N.D. Cal. Local Rule 37-1 requires counsel to meet and confer for the purpose of resolving discovery disputes prior to filing any motion. "If counsel for the moving party refuses or fails to confer, the Judge may impose an appropriate sanction, which may include an order requiring payment of all reasonable expenses, including attorney's fees, caused by the refusal or failure to confer."

HOWREY LLP

BRIDGELUX INC.'S NOTICE AND MOTION TO QUASH CREE INC.'S SUBPOENA TO LUMILEDS AND MEMO. IN SUPPORT — 5 — CASE NO. 9:06-CV-00240-RHC (PENDING IN U.S.D.C., E.D. TEX., LUFKIN DIV.)

1    BridgeLux attempted to confer with Cree, but Cree refused to meet and confer in good faith regarding the defects in the subpoena or BridgeLux's anticipated motion to quash. On March 6, BridgeLux's counsel Aaron Myers spoke on the telephone with Cree's counsel David Radulescu. Myers Decl., ¶ 7. Mr. Myers informed Mr. Radulescu of the factual and legal grounds for BridgeLux's contention that Cree's subpoena is defective and should be withdrawn. *Id.* Mr. Myers asked Mr. Radulescu to withdraw the subpoena and informed him that absent withdrawal, BridgeLux would move to quash. *Id.* Mr. Radulescu refused to withdraw the subpoena. *Id.* Mr. Radulescu also failed to controvert or otherwise respond to any of the factual statements or legal authorities asserted by Mr. Myers. *Id.* Instead, Mr. Radulescu asked Mr. Myers to summarize BridgeLux's position in an email. *Id.*

Shortly after this conversation, Mr. Myers sent an email to Mr. Radulescu summarizing the factual and legal basis for BridgeLux's contention that Cree's subpoena is defective and should be withdrawn. *See* Myers Decl., Ex. 3 (email from Myers to Radulescu dated March 6 at 9:05 p.m. EST [6:05 p.m. PST]). Mr. Radulescu responded with an email in which he misconstrued the underlying facts and continued to fail to controvert or otherwise respond to any of the factual statements or legal authorities asserted by Mr. Myers. *See id.*, Ex. 3 (email from Radulescu to Myers dated March 6 at 7:05 p.m.). Mr. Myers responded to Mr. Radulescu with an email in which he pointed out the inaccuracies in Mr. Radulescu's email. *See id.*, Ex. 3 (email from Myers to Radulescu dated March 6 at 10:54 p.m. EST [7:54 p.m. PST]). Mr. Radulescu responded with an email in which he called BridgeLux's conduct "nonsense," but still failed to controvert or otherwise respond to any of the factual statements or legal authorities asserted by Mr. Myers. *See id.*, Ex. 3 (email from Radulescu to Myers dated March 6 at 8:10 p.m.).

Cree's refusal to respond to the substance of Mr. Myers' communications setting forth the factual and legal basis for BridgeLux's anticipated motion to quash constitutes a refusal to meet and confer in good faith in violation of N.D. Cal. L.R. 37-1(a).

On March 7, 2008, Cree emailed to BridgeLux a new subpoena to Lumileds dated March 7, 2008, commanding Lumileds' appearance and production of documents on March 10, 2008, the very next business day (and the last day of discovery in the case). *See* Myers Decl., Ex. 4. Despite its

HOWREY LLP

BRIDGELUX INC.'S NOTICE AND MOTION TO QUASH CREE    6    CASE NO. 9:06-CV-00240-RHC (PENDING IN U.S.D.C.,
INC.'S SUBPOENA TO LUMILEDS AND MEMO. IN SUPPORT              E.D. TEX., LUFKIN DIV.)

transmission of this new subpoena, purportedly to resolve BridgeLux's objections to the earlier subpoena, Cree still refused to withdraw the earlier subpoena. *See* Myers Decl., Ex. 5 (email from Pathmanaban to Myers dated March 7 at 7:56 a.m.).

Cree also failed to meet and confer in good faith after transmitting the second subpoena. BridgeLux's counsel responded to Cree's confirmation that it would not withdraw the first subpoena by noting that Cree had yet to challenge any of the factual statements or legal authorities set forth in the prior emails from BridgeLux's counsel Aaron Myers, and invited Cree to meet and confer in good faith by specifying the grounds for its disagreements with those prior statements. *See* Myers Decl., Ex. 5 (email from Myers to Pathmanaban dated March 7 at 8:03 a.m.). Cree did not respond in any way. Myers Decl., ¶ 12.

### G. Cree's Second Subpoena Fails To Allow Reasonable Time for Compliance.

Cree's second subpoena, dated March 7, 2008, and apparently served shortly after notice to BridgeLux, demands Lumileds appearance and document production on March 10, 2008, the very next court day and the last permitted day for discovery. *See* Myers Decl, Ex. 4. A subpoena demanding appearance and production by a non-party on the very next court day, which is also the last day of discovery in the case, fails to allow reasonable time for compliance. *See Ultratech*, 2005 WL 696979, *1 (N.D. Cal. 2005); *Philip Morris*, 312 F.Supp.2d at 36-37; *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 327.

### H. Cree's Two Subpoenas Should Be Quashed.

Rule 45(c)(3)(A) provides in relevant part: "On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow a reasonable time for compliance; . . . or, (iv) subjects a person to undue burden." Cree's two subpoenas both fail to allow a reasonable time for compliance. For this reason as well as Cree's failure to provide proper notice to BridgeLux, Cree's subpoenas also impose an undue burden on both BridgeLux and non-party Lumileds. Accordingly, this Court should quash the subpoenas.

## II. CREE'S ABUSE OF THE SUBPOENA POWER IS SANCTIONABLE.

Cree's abuse of the subpoena power demands the imposition of sanctions. "The subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave

HOWREY LLP

BRIDGELUX INC.'S NOTICE AND MOTION TO QUASH CREE INC.'S SUBPOENA TO LUMILEDS AND MEMO. IN SUPPORT      7      CASE NO. 9:06-CV-00240-RHC (PENDING IN U.S.D.C., E.D. TEX., LUFKIN DIV.)

responsibility to ensure it is not abused." *Theofel v. Farey-Jones*, 341 F.3d 978, 984 (9th Cir. 2003). Rule 45(c)(1) provides that in addition to quashing a subpoena, the court may "impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to . . . a reasonable attorney's fee." *See also Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814 (9th Cir. 2003) (affirming order quashing subpoena and awarding attorney's fees). In addition, as noted above, N.D. Cal. Local Rule 37-1 requires counsel to meet and confer for the purpose of resolving discovery disputes prior to filing any motion. "If counsel for the moving party refuses or fails to confer, the Judge may impose an appropriate sanction, which may include an order requiring payment of all reasonable expenses, including attorney's fees, caused by the refusal or failure to confer." N.D. Cal. Local Rule 37-1.

Pursuant to these authorities, BridgeLux respectfully requests an order requiring Cree to pay all reasonable expenses, including attorney's fees, incurred by BridgeLux by Cree's defective and abusive subpoenas as well as Cree's failure to confer in good faith with respect to this motion.

## CONCLUSION

For the reasons set forth above, BridgeLux respectfully requests that the subpoena to non-party Lumileds issued by Cree be quashed in its entirety and that BridgeLux be awarded its reasonable attorney's fees incurred as a result of being forced to file this motion and otherwise respond to Cree's defective subpoenas.

Respectfully submitted,

Dated: March 7, 2008

HOWREY LLP

By: _____
Aaron Myers

Plaintiff/Counterclaim-Defendant
BRIDGELUX, INC.

21077566

HOWREY LLP

BRIDGELUX INC.'S NOTICE AND MOTION TO QUASH CREE INC.'S SUBPOENA TO LUMILEDS AND MEMO. IN SUPPORT   8   CASE NO. 9:06-CV-00240-RHC (PENDING IN U.S.D.C., E.D. TEX., LUFKIN DIV.)

# CERTIFICATE OF SERVICE

I am employed in the County of San Mateo, State of California. I am over the age of 18 and not a party to the within action. My business address is 1950 University Avenue, 4th Floor, East Palo Alto, California 94303.

On March 7, 2008, I served on the interested parties in said action the within:

1. **PLAINTIFF AND COUNTERCLAIM- DEFENDANT BRIDGELUX, INC.'S NOTION OF MOTION AND MOTION TO QUASH DEFENDANT AND COUNTERCLAIM- PLAINTIFF CREE, INC.'S SUBPOENAS TO NON-PARTY PHILIPS LUMILEDS LIGHTING COMPANY AND REQUEST FOR MONETARY SANCTIONS, AND MEMORANDUM IN SUPPORT OF SAME; and**

2. **DECLARATION OF AARON MYERS IN SUPPORT OF PLAINTIFF AND COUNTERCLAIM-DEFENDANT BRIDGELUX, INC.'S MOTION TO QUASH DEFENDANT AND COUNTERCLAIM-PLAINTIFF CREE, INC.'S SUBPOENAS TO NON-PARTY PHILIPS LUMILEDS LIGHTING COMPANY AND FOR MONETARY SANCTIONS**

by emailing and placing a true copy thereof in a sealed envelopes addressed as stated below and causing such envelopes to be deposited in the U.S. Mail at East Palo Alto, California.

**Attorneys for Defendant Cree, Inc.:**

| David J. Healey, Partner<br>Weil Gotshal & Manges, LLP<br>700 Louisiana, Suite 1600<br>Houston, TX 77002-2784 | Telephone:<br>Facsimile:<br>Email: | 713.546.5111<br>713 224 9511<br>david.healey@weil.com |
|---|---|---|
| Benjamin Charles Elacqua<br>Weil Gotshal & Manges, LLP<br>700 Louisiana, Suite 1600<br>Houston, TX 77002-2784 | Telephone:<br>Facsimile:<br>Email: | 713.546.5024<br>713 224 9511<br>benjamin.elacqua@weil.com |
| David C. Radulescu<br>Weil Gotshal & Manges, LLP<br>767 Fifth Avenue, 32nd Floor<br>New York, NY 10153 | Telephone:<br>Facsimile:<br>Email: | 212.310.8906<br>212.310.8007<br>david.radulescu@weil.com |

**Attorneys for Non-Party Philips Lumileds Lighting Company:**

| Scott D. Stimpson<br>The Law Office of Scott D. Stimpson<br>445 Hamilton Avenue, Suite 1102<br>White Plains, NY 10601 | Telephone:<br>Email: | 203.258.8412<br>stimpsonlaw@gmail.com |
|---|---|---|

CERTIFICATE OF SERVICE - BRIDGELUX INC.'S MOTION TO QUASH CREE INC.'S SUBPOENA TO PHILIPS LUMILEDS LIGHTING COMPANY     1     CASE NO. 9:06-CV-00240-RHC (PENDING IN U.S.D.C., E.D. TEX., LUFKIN DIV.)

DM_US:21077813_1

☒ (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ (EMAIL/ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the submission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on March 7, 2008, at East Palo Alto, California.

_____Kathy Melendy_____     _____/s/ Kathy Melendy_____
(Type or print name)                (Signature)

CERTIFICATE OF SERVICE - BRIDGELUX INC.'S MOTION TO QUASH CREE INC.'S SUBPOENA TO PHILIPS LUMILEDS LIGHTING COMPANY    2    CASE NO. 9:06-CV-00240-RHC (PENDING IN U.S.D.C., E.D. TEX., LUFKIN DIV.)

DM_US:21077813_1