1  Henry C. Bunsow (SBN 60707) (bunsowh@howrey.com)
   K. T. Cherian (SBN 133967) (cheriank@howrey.com)
2  Robert F. Kramer (SBN 181706) (kramerr@howrey.com)
   Constance F. Ramos (SBN 203637) (ramosc@howrey.com)
3  Aaron Myers (SBN 200145) (myersa@howrey.com)
4  HOWREY LLP
   525 Market Street, Suite 3600
5  San Francisco, California 94105
   Telephone: (415) 848-4900
6  Facsimile: (415) 848-4999

7
   Attorneys for Plaintiff/Counterclaim-Defendant
8  BRIDGELUX, INC.

**ORIGINAL FILED**

MAR - 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9        **UNITED STATES DISTRICT COURT**

10      **NORTHERN DISTRICT OF CALIFORNIA**

11          **SAN FRANCISCO DIVISION**

12

13  In the matter of Cree, Inc.'s Rule 45 Subpoenas ) Case No. 9:06-CV-00240-RHC
14  to Non-party Philips Lumileds Lighting Company ) (pending in U.S.D.C., E.D. Tex., Lufkin Div.)
    in the action                                 )
15                                                ) **DECLARATION OF AARON MYERS IN**
    BRIDGELUX, INC.,                              ) **SUPPORT OF PLAINTIFF AND**
16                                                ) **COUNTERCLAIM-DEFENDANT**
                Plaintiff and Counterclaim-       ) **BRIDGELUX, INC.'S MOTION TO QUASH**
17              Defendant,                        ) **DEFENDANT AND COUNTERCLAIM-**
                                                  ) **PLAINTIFF CREE, INC.'S SUBPOENAS TO**
18      vs.                                       ) **NON-PARTY PHILIPS LUMILEDS**
                                                  ) **LIGHTING COMPANY AND FOR**
19  CREE, INC.,                                   ) **MONETARY SANCTIONS**
                                                  )
20              Defendant and Counterclaim-       )
                Plaintiff.                        )
21  _____ )

22

23  I, Aaron Myers, hereby declare as follows:

24      1.    I am an attorney at law duly authorized to practice before all courts of the state of

25  California and a senior associate at the law firm of Howrey LLP. The following declaration is based

26  on my personal knowledge. If called upon to testify, I could and would competently testify as to the

27  matters set forth below.

28

1    2.    BridgeLux filed the underlying patent infringement action against Cree on October 17,

2    2006, in the Eastern District of Texas. Cree filed its counterclaims on November 12, 2007. Pursuant

3    to the Court's orders, non-expert discovery in the patent case must be completed by March 10, 2008.

4    3.    At issue in the case are several United States Patents generally related to high-brightness

5    light emitting diodes (LEDs). Among other claims, BridgeLux contends that Cree's asserted patent is

6    invalid for failure to list Dr. Steve Lester as one of the inventors. Non-party Lumileds previously

7    employed Dr. Lester.

8    4.    On February 27, 2008, Cree purportedly served by unknown means a "SUBPOENA IN A

9    CIVIL CASE" (Form AO88, Rev. 1/94) commanding Lumileds to produce various categories of

10    documents on March 3, 2008, a mere three (3) court days later, and to appear for a deposition on

11    February 27, a mere eight (8) court days later. A true and correct copy of this first subpoena is

12    attached hereto as Exhibit 1.

13    5.    BridgeLux does not know when or how Cree served the first subpoena. The subpoena is

14    dated February 25, 2008, but the attached proof of service is completely blank. Cree forwarded the

15    subpoena to BridgeLux by email on February 28, 2008, with a message stating that Cree served the

16    subpoena on Lumileds on February 27, 2008. Cree's counsel Giri Pathmanaban transmitted the email

17    to BridgeLux's counsel Connie Ramos on February 28, 2008 at 11:34 a.m. A true and correct copy

18    Giri Pathmanaban's February 27 email is attached hereto as Exhibit 2.

19    6.    Giri Pathmanaban's email (Ex. 2) shows that Cree failed to provide notice to BridgeLux of

20    the first subpoena prior to serving it on Lumileds. In addition, Cree failed to confer with BridgeLux

21    regarding the timely scheduling of the Lumileds deposition either before or after Cree's service of the

22    subpoena.

23    7.    BridgeLux attempted to confer with Cree regarding its first subpoena, but Cree refused to

24    meet and confer in good faith to resolve or narrow the parties' disputes. On March 6, I spoke on the

25    telephone with Cree's counsel David Radulescu. I informed Mr. Radelescu of the factual and legal

26    grounds for BridgeLux's contention that Cree's subpoena is defective and should be withdrawn. I

27    asked Mr. Radulescu to withdraw the subpoena and informed him that absent withdrawal, BridgeLux

28

DECLARATION OF AARON MYERS IN SUPPORT OF
BRIDGELUX INC.'S MOTION TO QUASH CREE INC.'S
SUBPOENA TO PHILIPS LUMILEDS LIGHTING COMPANY

1

CASE NO. 9:06-CV-00240-RHC (PENDING IN U.S.D.C.,
E.D. TEX., LUFKIN DIV.)

1   would move to quash. Mr. Radulescu refused to withdraw the subpoena. Mr. Radulescu also failed to

2   controvert or otherwise respond to any of the factual statements or legal authorities that I conveyed to

3   him. Instead, Mr. Radulescu asked me to summarize BridgeLux's position in an email.

4          8.     Shortly after this conversation, I sent an email to Mr. Radulescu summarizing the factual

5   and legal basis for BridgeLux's contention that Cree's subpoena is defective and should be withdrawn.

6   A true and correct copy of a string of emails, including this email, is attached hereto as Ex. 3 (email

7   from Myers to Radulescu dated March 6 at 9:05 p.m. EST [6:05 p.m. PST]). Mr. Radulescu responded

8   with an email in which he misconstrued the underlying facts and continued to fail to controvert or

9   otherwise respond to any of my factual statements or legal authorities. *See* Ex. 3 (email from

10  Radulescu to Myers dated March 6 at 7:05 p.m.). I responded to Mr. Radulescu with an email in

11  which I pointed out the inaccuracies in Mr. Radulescu's email. *See* Ex. 3 (email from Myers to

12  Radulescu dated March 6 at 10:54 p.m. EST [7:54 p.m. PST]). Mr. Radulescu responded with an

13  email in which he called BridgeLux's conduct "nonsense." *See* Ex. 3 (email from Radulescu to Myers

14  dated March 6 at 8:10 p.m.). Mr. Radulescu still failed to controvert or otherwise respond to any of

15  my factual statements or legal authorities.

16         9.     On March 7, 2008, Cree emailed to BridgeLux a new subpoena to Lumileds dated March

17  7, 2008, commanding Lumileds' appearance and production of documents on March 10, 2008, the very

18  next business day (and the last day of discovery in the case). A true and correct copy of this second

19  subpoena, attached to a letter from Cree's counsel Giri Pathmanaban, is attached hereto as Exhibit 4.

20         10.    Cree failed to serve a deposition notice on BridgeLux for the deposition of Lumileds

21  pursuant to the second subpoena. In addition, Cree again failed to confer with BridgeLux regarding

22  the timely scheduling of the Lumileds deposition either before or after Cree's service of the subpoena.

23         11.    Despite Cree's transmission of the second subpoena, purportedly to resolve BridgeLux's

24  objections to the first subpoena, Cree still refused to withdraw the earlier subpoena, as confirmed in an

25  email from Cree's counsel Giri Pathmanaban dated March 7, 2008 at 7:56 a.m. A true and correct copy

26  Giri Pathmanaban's March 7 email is attached hereto as Exhibit 5.

27

28

HOWREY LLP

DECLARATION OF AARON MYERS IN SUPPORT OF          2          CASE NO. 9:06-CV-00240-RHC (PENDING IN U.S.D.C.,
BRIDGELUX INC.'S MOTION TO QUASH CREE INC.'S                                E.D. TEX., LUFKIN DIV.)
SUBPOENA TO PHILIPS LUMILEDS LIGHTING COMPANY

1    12.   Cree also failed to meet and confer in good faith following its transmission of the second

2   subpoena.  I responded to Cree's confirmation that it would not withdraw the first subpoena by noting

3   that Cree had yet to challenge any of the factual statements or legal authorities set forth in my prior

4   emails, and invited Cree to meet and confer in good faith by specifying the grounds for its

5   disagreements with those prior statements.  *See* Ex. 5 (email from Myers to Pathmanaban dated March

6   7 at 8:03 a.m.).  Cree did not respond in any way.

7        I certify that the forgoing is correct and if called upon to testify as to the truth of any statement

8   herein I could do so competently.

9        Executed this 7th day of March, 2008, at East Palo Alto, California.

10

11   _____

12                                    Aaron Myers

13   21077618

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF AARON MYERS IN SUPPORT OF
BRIDGELUX INC.'S MOTION TO QUASH CREE INC.'S
SUBPOENA TO PHILIPS LUMILEDS LIGHTING COMPANY

3

CASE NO. 9:06-CV-00240-RHC (PENDING IN U.S.D.C.,
E.D. TEX., LUFKIN DIV.)

# EXHIBIT  1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

BRIDGELUX, INC.,                          §
                                          §
              Plaintiff and               §
              Counterclaim-Defendant      §    Case No. 9:06-CV-240-RHC
                                          §    Jury Trial Demanded
v.                                        §
                                          §
CREE, INC.,                               §
                                          §
              Defendant and               §
              Counterclaim-Plaintiff.     §
                                          §

**CREE, INC.'S NOTICE OF SERVICE OF SUBPOENA FOR A
DEPOSITION AND DOCUMENTS ON PHILIPS LUMILEDS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal

Rules of Civil Procedure, Defendant and Counterclaim Plaintiff Cree, Inc., through

undersigned counsel, served the attached Subpoena on Philips Lumileds Lighting

Company for a deposition pursuant to Rule 30(b)(6) on topics identified in Attachment A

to the Subpoena on **Monday, March 10, 2008**, at Weil, Gotshal & Manges LLP, 201

Redwood Shores Parkway, Redwood Shores, CA, and for documents on categories

identified in Attachment B to the Subpoena.

Dated:  February 28, 2008              By:  /s/ David Radulescu

                                       David C. Radulescu
                                       Ryan R. Owens
                                       WEIL, GOTSHAL & MANGES LLP
                                       767 Fifth Ave.
                                       New York, NY 10153
                                       Telephone: 212-310-8000

                                       David J. Healey
                                       Benjamin Elacqua
                                       WEIL, GOTSHAL & MANGES LLP
                                       700 Louisiana, Suite 1600

Houston, TX 77002
Telephone:  713-546-5111

Attorneys for CREE, INC.

OAO88  (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

BRIDGELUX, INC.

     Plaintiff/Counterclaim Defendant      **SUBPOENA IN A CIVIL CASE**
          V.

CREE, INC.,

     Defendant/Counterclaim Plaintiff     Case Number:    9:06-CV-00240-RHC

TO:    Philips Lumileds Lighting Company
      370 West Trimble Road
      San Jose, CA 95131
      (408) 964-2900

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case pursuant to Rule 30(b)(6) of the Fed. R. Civ. P. on the topics listed below..

   See Attachment A attached hereto

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Weil, Gotshal & Manges LLP<br>201 Redwood Shores Pkwy, Redwood Shores, CA 94065 | March 10, 2008 |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

   See Attachment B attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Weil, Gotshal & Manges LLP,<br>767 Fifth Avenue, New York, NY 10153 | March 3, 2008 |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

  Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *David C. Radulescu*  Attorney for Defendant | February 25, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David C. Radulescu, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153
(212) 310-8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

SIGNATURE OF SERVER _____

ADDRESS OF SERVER _____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance,
(ii)    requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B) If a subpoena

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## INSTRUCTIONS

1.      Each document request in Attachment A shall be answered pursuant to and in the manner prescribed by Rules 26, 34, and 45 of the Federal Rules of Civil Procedure.

2.      These requests shall apply to all documents in your possession, custody, or control at the present time, or coming into your possession, custody or control prior to the date of the production.  If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody, or control, you shall so state and shall identify such documents or things, and the person who has possession, custody or control of the documents or things.

3.      If no documents are responsive to a particular request, you are to state in your response that no responsive documents exist.

4.      If you contend that a portion of a document contains information that is immune from discovery, then produce the document with the allegedly immune portion redacted therefrom, showing on the face of the produced document the location of the redaction, and describe the redacted portion in a privilege log pursuant to the instructions in paragraph 4 above.

5.      These requests seek all responsive documents in their original language, and, if such original language is not English, these requests also seek all English-language translations that may exist for any such documents.

6.      Each document is to be produced along with all drafts, without abbreviation or redaction.

7.      In the event that you object to any request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary, in your judgment, to render it not overbroad/unduly burdensome, and state

specifically the extent to which you have narrowed that request for purposes of your response and the factual basis for your conclusion.

8.     In the event that you object to any request on the ground that it is vague and/or ambiguous, identify the particular words, terms or phrases that are asserted to make such request vague and/or ambiguous and specify the meaning actually attributed to you by such words for purposes of your response thereto.

9.     As used in this Subpoena, the singular shall include the plural, and the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" shall mean "any and all"; the word "including" shall mean "including without limitation"; and "involve," "involving," "relates to," "relating to," "in relation to," "related to" and their cognates shall mean pertaining to, referring to, relating to, constituting, containing, concerning, regarding, embodying, reflecting, describing, discussing, analyzing, identifying, stating, supporting, and/or contradicting the matter specified in any way, in whole or in part, all so as to be most inclusive.

## DEFINITIONS

Except as otherwise set forth below in this section, the definitions set forth in Rules 26 and 45 of the Federal Rules of Civil Procedure are incorporated by reference.

1.     "Communication" means any form of oral or written interchange, whether in person, by telephone, by facsimile, by telex, by electronic mail, or by any other medium.

2.     "Document" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including all materials that constitute writings, recordings, or photographs within the meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute documents within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

The word "document" includes electronic mail, data stored on computer hard drives, diskettes, memories, tapes, compact discs, or any other computer media, and any other information stored magnetically, electronically, or optically. Any document bearing any marks, including initials, stamped indicia, comments, highlighting, marginalia, or other notations not a part of the original text or reproduction thereof, is a separate document that is also included in the request.

3.      "Lumileds" means Philips Lumileds Lighting Company, including its predecessors and successors, including without limitation, Hewlett-Packard Development Company, L.P., Agilent Technoligies, all past and present directors, officers, employees, agents, affiliates, and representatives (including consultants and attorneys) of any of the foregoing.

4.      "Cree's patents" refers to U.S. Patent Nos. 6,614,056 and 6,885,036.

## ATTACHMENT A: TOPICS FOR DEPOSITION

**NO. 1.**     All facts and circumstances relating to the conception of the alleged invention claimed in U.S. Patent No. 6,307,218, to Steigerwald et al. (the "'218 patent"), including without limitation, the named inventors' research, design, development, or engineering of the subject matter disclosed or claimed in the '218 patent, including without limitation, masks, mask set designs, photocopies of masks, project history files, emails, flow charts, engineering notebooks, laboratory notebooks, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, drawings, schematics, specifications, memoranda, and diagrams.

**NO. 2:**     All facts and circumstances relating to the first actual or constructive reduction to practice of the alleged invention of the '218 patent, including without limitation, any diligence involved in reduction to practice the alleged invention of the '218 patent, and all documents or communications relating thereto, including without limitation, project history files, notes, flow charts, engineering notebooks, laboratory notebooks, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, invention disclosures, or patent prosecution records.

**NO. 3:**     All facts and circumstances relating to the contributions of each of the named inventors of the '218 patent to the conception, diligence in reduction to practice or the actual or constructive reduction to practice of the alleged invention of the '218 patent, including without limitation Dr. Steve Lester's contribution to the alleged invention of the '218 patent, including without limitation, Dr. Lester's contribution to the interdigitated electrode patterned LEDs disclosed in the '218 patent, and all documents relating thereto.

**NO. 4:**     All communications between Lumileds and Dr. Steven Lester relating to the subject matter of the '218 patent, Cree's patents, and/or the use interdigitated electrodes or contacts in LEDs, including without limitation, Dr. Lester's communications with George Crawford, Lou Dadok, and/or Brian Oganowski, relating to the same.

**NO. 5:**     All facts and circumstances relating to the HP Invention Disclosure entitled "Interdigitated contact structure for InGaN/sapphire LEDs," filed by Dr. Steven Lester and Dr. Daniel Steigerwald, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, mask set photocopies, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

**NO. 6:**     All facts and circumstances relating to Dr. Steven Lester's work at HP on GaN based LEDs, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

**NO. 7:**     All facts and circumstances relating to the confidentiality policies of work relating to LEDs at Lumileds, including without limitation, any policies restricting employees from publicly disclosing the subject matter of Lumileds' patent applications and/or research & development.

**NO. 8:**     All facts and circumstances relating to the project or product named "Barracuda" (*See* http://home.att.net/~ledmuseum/agilent.htm), including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress

reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

<u>NO. 9:</u>    All facts and circumstances relating to all alleged prior art to Cree's patents, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

## ATTACHMENT B: DOCUMENT PRODUCTION CATEGORIES

**NO. 1:**    All documents and things relating to the conception of the relating to the conception of the alleged invention claimed in the '218 patent, including without limitation, documents relating to the research, design, development, or engineering of the subject matter disclosed or claimed in the '218 patent, including without limitation, engineering notebooks, laboratory notebooks, project history files, emails, masks, mask set designs, mask set photocopies, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, drawings, schematics, specifications, memoranda, and diagrams.

**NO. 2:**    All documents and things relating to the first actual or constructive reduction to practice of the alleged invention of the '218 patent, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, mask set photocopies, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, or invention disclosures.

**NO. 3:**    All documents and things relating to the respective contributions of each of the named inventors of the '218 patent to the conception and/or the actual or constructive reduction to practice of the alleged invention of the '218 patent, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, mask set photocopies, computer files, design records, design reviews, progress reports, presentations, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, or invention disclosures.

**NO. 4:**    All documents and things relating to communications between Lumileds and Dr. Steve Lester, relating to the subject matter of the '218 patent, Cree's patents and/or the use of interdigitated electrodes or contacts in LEDs, including without limitation, Dr. Lester's

communications with George Crawford, Lou Dadok, and/ or Brian Oganowski relating to the same.

**NO. 5:**    All documents and things relating to the HP Invention Disclosure entitled "Interdigitated contact structure for InGaN/sapphire LEDs," filed by Dr. Steven Lester and Dr. Daniel Steigerwald, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, mask set photocopies, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

**NO. 6:**    All documents and things relating to Dr. Steven Lester's work at HP on GaN based LEDs, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

**NO.7:**    All documents and things relating to the project or product named "Barracuda" (*See* http://home.att.net/~ledmuseum/agilent.htm), including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

**NO. 8:**    All documents and things relating to the confidentiality policies of work relating to LEDs, at Lumileds, including without limitation, any policies restricting employees from publicly disclosing the subject matter of Lumileds' patent applications and/or research and development.

**NO. 9:**      All documents and things relating to all alleged prior art to Cree's patents, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

# EXHIBIT  2

## Myers, Aaron

| | |
|---|---|
| **From:** | Laiprasert, Jayne |
| **Sent:** | Thursday, March 06, 2008 3:04 PM |
| **To:** | Myers, Aaron |
| **Subject:** | FW: BridgeLux, Inc. v. Cree, Inc. E.D. Tex. Civil Action No. 9:06 cv 240 |
| **Attachments:** | Notice of Subpoena served on Lumileds.PDF |

Lumileds

---

**From:** Giri.Pathmanaban@weil.com [mailto:Giri.Pathmanaban@weil.com]
**Sent:** Thursday, February 28, 2008 11:34 AM
**To:** Ramos, Connie
**Cc:** Bunsow, Henry; charley@pbatyler.com; Cherian, K.T.; Kramer, Robert; Laiprasert, Jayne; lborchers@myersbigel.com; _rcbunt@pbatyler.com; _rmparker@pbatyler.com; david.radulescu@weil.com; nicholas.brown@weil.com; ryan.owens@weil.com
**Subject:** BridgeLux, Inc. v. Cree, Inc. E.D. Tex. Civil Action No. 9:06 cv 240

Dear Counsel:

Please find attached a copy of Cree's subpoena served yesterday upon Philips Lumileds.

Sincerely,

Giri Pathmanaban*
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Phone: 212-310-8721
Email: giri.pathmanaban@weil.com
* Pending Admission

< END >

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (postmaster@weil.com), and destroy the original message. Thank you

# EXHIBIT  3

## Myers, Aaron

| | |
|---|---|
| **From:** | david.radulescu@weil.com |
| **Sent:** | Thursday, March 06, 2008 8:10 PM |
| **To:** | Myers, Aaron |
| **Subject:** | Re: Cree/BridgeLux - deposition subpoena to Lumileds |

If you want to save time and money dealing w/ any motion practice, we can continue to discuss the extension that Lumileds has requested. There is no need to bill your client for such nonesense. Let's discuss after Sunny gets back to me and you discuss your strategy with local counsel.

Best regards,

David C. Radulescu
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8906 (O)
(212) 310-8007 (F)
(917) 538-9871 (C)

----- Original Message -----
From: "Myers, Aaron" [MyersA@howrey.com]
Sent: 03/06/2008 10:54 PM EST
To: David Radulescu
Cc: "Cherian, K.T." <CherianK@Howrey.com>; "Ramos, Connie" <ramosc@Howrey.com>; "Laiprasert, Jayne" <Laiprasertj@howrey.com>; Nicholas Brown; Ryan Owens; David Healey; "Clayton Dark" <cekrad@yahoo.com>; "Scott Stimpson" <stimpsonlaw@gmail.com>; <lou.dadok@lumileds.com>
Subject: RE: Cree/BridgeLux - deposition subpoena to Lumileds

David,

Thank you for your quick response. I will raise these issues with my team. In the meantime, I'll respond briefly to few inaccurate statements in your email.

First, you state that BridgeLux "seeks to pursue" motion practice and has a "desire to rush into" various courts on these issues. To the contrary, BridgeLux would prefer to avoid the necessity of motion practice and I contacted you earlier today for that very purpose. Furthermore, such motion practice clearly is avoidable if Cree will simply withdraw its defective subpoena. As I noted in our conversation and in my earlier email, given that Cree will not be able to go forward with the deposition on March 10 irrespective of whether a motion to quash is granted, and given that Cree therefore will have to seek leave from the E.D. Texas court to take the deposition after March 10 in any event, the most appropriate and efficient course of action -- and the one that imposes the least burden on the court, the parties and Lumileds -- is for Cree to withdraw its defective subpoena and prepare its motion for leave.

Second, you state that BridgeLux is refusing to provide an extension of time for the Lumileds deposition to go forward on a date after March 10. To the contrary, as you are aware, BridgeLux does not have the power to provide an extension for Cree to take the Lumileds deposition on a date after March 10. Instead, only the court has the power to grant leave for Cree to take a deposition after the discovery cut-off. Whether or not BridgeLux will oppose a motion by Cree for such leave is another matter.

Third, you correctly note that as a non-party, Lumileds deserves consideration and deference from the parties to minimize the burdens associated with Cree's subpoena. However, you fail to acknowledge that it is Cree, not

3/7/2008

BridgeLux, that has imposed these unreasonable burdens on Lumileds. Cree gave Lumileds only three days to produce documents. Cree gave Lumileds only eight days to appear for deposition. Cree is forcing Lumileds (and BridgeLux) to move to quash because Cree will not withdraw the subpoena despite notice of its defects and Cree's multiple violations of FRCP 45. Of course, if Cree truly is concerned about the burdens it is imposing on Lumileds, Cree could immediately eliminate those burdens by withdrawing the subpoena and preparing a proper one, assuming leave is obtained.

Fourth, you state that Lumileds requested that Cree serve the subpoena and that the noticed date was "required" by the discovery cut-off. It is inaccurate to suggest that Lumileds' request, or the discovery cut-off, dictated the manner in which Cree prepared and served its subpoena. Nothing precluded Cree from seeking the Lumileds deposition in a timely manner, from providing timely notice pf the subpoena to BridgeLux, or from providing a reasonable amount of time for Lumiled's compliance.

Finally, I take your email to mean that Cree will not be withdrawing the subpoena, if at all, until after your conversation with Sunny tomorrow. Please be advised that BridgeLux will be preparing its motion to quash tonight, as is necessary to be prepared to file it tomorrow. Accordingly, unless Cree agrees to withdraw the subpoena forthwith, Cree will have forced BridgeLux to incur additional, otherwise avoidable expenses to bring that motion. I do not speak for Lumileds, but I presume that Lumileds also is incurring otherwise avoidable expenses tonight due to Cree's refusal to withdraw the patently defective subpoena. In that regard, I note that while you express concern for the burden imposed on Lumileds by Cree's subpoena, you do not contest any of the statements in my email regarding the defects in the subpoena, in particular its failure to provide a reasonable amount of time for Lumiled's compliance.

Best regards,

Aaron


Aaron Myers
**HOWREY LLP**
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
(650) 798-3594 (direct)
(650) 798-3500 (general)
(650) 798-3600 (fax)
(650) 273-2843 (cell)
myersa@howrey.com

---

**From:** david.radulescu@weil.com [mailto:david.radulescu@weil.com]
**Sent:** Thursday, March 06, 2008 7:05 PM
**To:** Myers, Aaron
**Cc:** Cherian, K.T.; Ramos, Connie; Laiprasert, Jayne; nicholas.brown@weil.com; Ryan Owens; _David J. Healey; Clayton Dark; Scott Stimpson; lou.dadok@lumileds.com
**Subject:** Re: Cree/BridgeLux - deposition subpoena to Lumileds

Aaron--Thanks for the summary. I'm in deposition tomorrow with Sunny so I won't be able to repond now to any details but have sent Sunny an email to call me tonight or tomorrow regarding the motion practice that BridgeLux seeks to now pursue on the Lumileds subpoena as well as the Harris & Harris subpoena --none of which I think is necessary. I understand that Lumileds is ok with the subpoena but simpy wants an extension that Bridgelux is refusing to provide.

With respect to the references to any discovery motions, please make sure that BridgeLux reviews Judge Clark's Order issued today regarding logistics (and have your local counsel confirm he agrees with your reading of the order). However, I would hope that BridgeLux reconsiders its desire to rush into NDCal, SDNY and EDTex on such issues. I look forward to talking to Sunny. Also, I've copied LumiLeds' counsel (both outside and inside) on this email since the subject subpoena is directed it (not Brideglux) and Lumileds is the one that should have the loudest voice in this process (and the most to say as to how

they prefer to proceed with minimal burden). Keep in mind that Lumileds requested that we serve the subpoena in the first place and the "noticed" dates were required by the March 10th discovery close.

Finally, to the extent that BridgeLux will withdraw its reliance in this case on confidential HP documents Dr. Lester obtained from Lumileds/HP, we would be willing to reconsider the need for the subpoena altogether. As you know, Bridgelux's desire to put HP/Lumileds' prior work into play in this case is the motivation for the need to proceed with the subpoena so that the Court will have the "full story" and not just unsubstantiated claims of HP/Lumileds' prior confidential research and development. Let us know if Bridgelux would be willing to by-pass the need for discovery from Lumileds by withdrawing its reliance on confidential information from Dr. Lester's prior employer.

Best regards,

David C. Radulescu
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8906 (O)
(212) 310-8007 (F)
(917) 538-9871 (C)

----- Original Message -----
**From:** "Myers, Aaron" [MyersA@howrey.com]
**Sent:** 03/06/2008 09:05 PM EST
**To:** David Radulescu
**Cc:** "Cherian, K.T." <CherianK@Howrey.com>; "Ramos, Connie" <ramosc@Howrey.com>; "Laiprasert, Jayne" <Laiprasertj@howrey.com>
**Subject:** Cree/BridgeLux - deposition subpoena to Lumileds

Dear Mr. Radulescu,

Thank you for speaking with me this afternoon to meet and confer regarding BridgeLux's objections to Cree's subpoena to Lumileds for deposition and production of documents, and BridgeLux's anticipated motion to quash that subpoena. Although we discussed these issues in greater detail over the telephone, you asked me to summarize BridgeLux's position in writing. In short, BridgeLux contends that Cree's subpoena is defective and should be quashed for several reasons, including the following:

(1) FRCP 45(a)(1)(B) provides that "Every subpoena shall . . . state the title of the action [and] the name of the court in which it is pending . . ." Cree's subpoena fails to identify the court in which the action is pending. Cree's subpoena therefore is facially defective and should be quashed.

(2) FRCP 45(b)(1) requires that a party serving a subpoena demanding production of documents "shall" serve "prior notice" on each party in the action in the manner prescribed by FRCP 5(b). Courts have held that next-day or even contemporaneous notice to the parties in the action does *not* satisfy this "prior notice" requirement. By its own written admission (in the form of Giri Pathmanaban's email to Connie Ramos dated Feb. 28 at 11:34 a.m.), Cree served the subpoena on Lumileds on Feb. 27, but did not provide notice of the subpoena to BridgeLux until Feb. 28. Cree therefore failed to satisfy the prior notice requirement and consequently the subpoena is defective and should be quashed.

(3) FRCP 45(b)(2) requires that a party serving a subpoena allow a reasonable amount of time for compliance. Courts generally have held that a subpoena demanding appearance or document production less than 10 court days following service of the subpoena fails to allow a reasonable time for compliance. As noted above, according to Giri's email, Cree served the subpoena on February 27. The subpoena demands that Lumileds produce documents on March 3, merely three court days following service, and that Lumileds' appear at deposition on March 10, merely eight court days following service. Cree therefore failed to satisfy the requirement to provide a reasonable amount of time for compliance and consequently the subpoena is defective and should be quashed.

3/7/2008

For the foregoing reasons, BridgeLux has asked Cree to withdraw its subpoena. Additionally, I have pointed out to you that whether or not a motion to quash is granted, the filing of the motion will relieve Lumileds of the obligation to appear on March 10 for the noticed deposition; and that since the discovery cut-off is March 10, Cree will have to apply to the court in Texas for leave to take the deposition after the discovery cut-off. Since Cree will be required to bring a motion in Texas for leave to take the deposition in any event, and since the subpoena is defective and abusive for the reasons set forth above, Cree should withdraw the subpoena and relieve BridgeLux and Lumileds of the unnecessary expense that will be incurred by them to move to quash.

Unless Cree withdraws the subpoena or the parties reach some other resolution, BridgeLux intends to file a motion to quash in N.D. Cal. tomorrow. BridgeLux also may file in E.D. Tex. a motion for sanctions for discovery abuse given that the subpoena is so clearly defective and that Cree so clearly violated the express requirements of FRCP 45 for proper notice and allowance of a reasonable amount of time to respond. Accordingly, BridgeLux reiterates its request that Cree withdraw the subpoena.

Given the shortness of time, your prompt response will be greatly appreciated.

Very truly yours,

Aaron Myers

Aaron Myers
**HOWREY LLP**
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
(650) 798-3594 (direct)
(650) 798-3500 (general)
(650) 798-3600 (fax)
(650) 273-2843 (cell)
myersa@howrey.com

---------------------------------------------------------------------------------------------
This email and any attachments contain information from the law firm of Howrey LLP, which may be co
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the con
If you receive this email in error, please notify us by reply email immediately so that we can arrange for

We take steps to remove metadata in attachments sent by email. Any remaining metadata should be pres
If you receive an attachment containing metadata, please notify the sender immediately and a replaceme
---------------------------------------------------------------------------------------------


The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (postmaster@weil.com), and destroy the

original message. Thank you

----------------------------------------------------------------------------------------------
This email and any attachments contain information from the law firm of Howrey LLP, which may be co
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the con
If you receive this email in error, please notify us by reply email immediately so that we can arrange for

We take steps to remove metadata in attachments sent by email.  Any remaining metadata should be pre:
If you receive an attachment containing metadata, please notify the sender immediately and a replacemer
----------------------------------------------------------------------------------------------

# EXHIBIT  4

## Myers, Aaron

| | |
|---|---|
| **From:** | Giri.Pathmanaban@weil.com |
| **Sent:** | Friday, March 07, 2008 7:30 AM |
| **To:** | Myers, Aaron |
| **Cc:** | Ramos, Connie; Laiprasert, Jayne; stimpsonlaw@gmail.com; Cherian, K.T.; lborchers@myersbigel.com; david.radulescu@weil.com; ryan.owens@weil.com; nicholas.brown@weil.com |
| **Subject:** | BridgeLux, Inc. v. Cree, Inc. E.D. Tex. Civil Action No. 9:06 cv 240; |
| **Attachments:** | Letter to Myers re Lumileds Subpoena.pdf; Cree's subpoena of Lumileds.pdf |

Dear Counsel:

Please see attached.


Sincerely,


Giri Pathmanaban*
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Phone: 212-310-8721
Email: giri.pathmanaban@weil.com
* Pending Admission


< END >

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (postmaster@weil.com), and destroy the original message. Thank you

# WEIL, GOTSHAL & MANGES LLP

767 FIFTH AVENUE • NEW YORK, NY 10153-0119

(212) 310-8000

FAX: (212) 310-8007

DIRECT LINE
212.310.8721
giri.pathmanaban@weil.com

AUSTIN

BOSTON

BRUSSELS

BUDAPEST

DALLAS

FRANKFURT

HOUSTON

LONDON

MIAMI

MUNICH

PARIS

PRAGUE

March 7, 2008

RHODE ISLAND

SHANGHAI

SILICON VALLEY

SINGAPORE

WARSAW

WASHINGTON, D.C.

**BY E:MAIL**

Aaron Myers, Esq.
525 Market Street
Suite 3600
San Francisco, CA 94105

    Re:    **Civil Action No. 9:06-CV-00240; BridgeLux, Inc. v. Cree,
           Inc.**

Dear Aaron:

We received your emails last night.  Attached is another subpoena to Lumileds which we
will serve today.  While we do not agree that the earlier subpoena is defective, we are
issuing this one to moot the first two objections BridgeLux has made.  We encourage you
to rethink your stated intention to file a motion to quash.  Also, we request that you
provide authority for your apparent view that BridgeLux has standing to bring a motion
to quash in these circumstances.

                    Sincerely,


                    /s/ *Giri Pathmanaban*

                    Giri Pathmanaban

cc:    Scott Stimpson, Esq.
       Connie Ramos, Esq.
       Jayne Laiprasert, Esq.
       K.T. Cherian, Esq.
       David Radulescu, Esq.
       Nicholas Brown, Esq.
       Ryan Owens, Esq.
       Lynne Borchers, Esq.

OAO88  (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

### UNITED STATES DISTRICT COURT
#### NORTHERN DISTRICT OF CALIFORNIA

BRIDGELUX, INC.

        Plaintiff/Counterclaim Defendant
        V.

CREE, INC.,

        Defendant/Counterclaim Plaintiff

**SUBPOENA IN A CIVIL CASE**

Case Number:    USDC EDTX 9:06-CV-00240-RHC

TO:    Philips Lumileds Lighting Company
        370 West Trimble Road
        San Jose, CA 95131
        (408) 964-2900

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case pursuant to Rule 30(b)(6) of the Fed. R. Civ. P. on the topics listed below..
See Attachment A attached hereto

| PLACE OF DEPOSITION<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Pkwy, Redwood Shores, CA 94065 | DATE AND TIME<br>March 10, 2008, 9.00 AM |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment B attached hereto.

| PLACE<br>Weil, Gotshal & Manges LLP,<br>767 Fifth Avenue, New York, NY 10153 | DATE AND TIME<br>March 10, 2008, 9 AM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Lynne Borchers*   Attorney for Defendant | DATE<br>March 7, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lynne Borchers, Myers Bigel Sibley & Sajovec, P.A 4140 Parklake Avenue , Suite 600 Raleigh NC  27627
(919) 854-1400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance,
(ii)    requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B) If a subpoena

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## INSTRUCTIONS

1.    Each document request in Attachment A shall be answered pursuant to and in the manner prescribed by Rules 26, 34, and 45 of the Federal Rules of Civil Procedure.

2.    These requests shall apply to all documents in your possession, custody, or control at the present time, or coming into your possession, custody or control prior to the date of the production. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody, or control, you shall so state and shall identify such documents or things, and the person who has possession, custody or control of the documents or things.

3.    If no documents are responsive to a particular request, you are to state in your response that no responsive documents exist.

4.    If you contend that a portion of a document contains information that is immune from discovery, then produce the document with the allegedly immune portion redacted therefrom, showing on the face of the produced document the location of the redaction, and describe the redacted portion in a privilege log pursuant to the instructions in paragraph 4 above.

5.    These requests seek all responsive documents in their original language, and, if such original language is not English, these requests also seek all English-language translations that may exist for any such documents.

6.    Each document is to be produced along with all drafts, without abbreviation or redaction.

7.    In the event that you object to any request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary, in your judgment, to render it not overbroad/unduly burdensome, and state

specifically the extent to which you have narrowed that request for purposes of your response and the factual basis for your conclusion.

8.    In the event that you object to any request on the ground that it is vague and/or ambiguous, identify the particular words, terms or phrases that are asserted to make such request vague and/or ambiguous and specify the meaning actually attributed to you by such words for purposes of your response thereto.

9.    As used in this Subpoena, the singular shall include the plural, and the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" shall mean "any and all"; the word "including" shall mean "including without limitation"; and "involve," "involving," "relates to," "relating to," "in relation to," "related to" and their cognates shall mean pertaining to, referring to, relating to, constituting, containing, concerning, regarding, embodying, reflecting, describing, discussing, analyzing, identifying, stating, supporting, and/or contradicting the matter specified in any way, in whole or in part, all so as to be most inclusive.

## DEFINITIONS

Except as otherwise set forth below in this section, the definitions set forth in Rules 26 and 45 of the Federal Rules of Civil Procedure are incorporated by reference.

1.    "Communication" means any form of oral or written interchange, whether in person, by telephone, by facsimile, by telex, by electronic mail, or by any other medium.

2.    "Document" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including all materials that constitute writings, recordings, or photographs within the meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute documents within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

The word "document" includes electronic mail, data stored on computer hard drives, diskettes, memories, tapes, compact discs, or any other computer media, and any other information stored magnetically, electronically, or optically. Any document bearing any marks, including initials, stamped indicia, comments, highlighting, marginalia, or other notations not a part of the original text or reproduction thereof, is a separate document that is also included in the request.

3.      "Lumileds" means Philips Lumileds Lighting Company, including its predecessors and successors, including without limitation, Hewlett-Packard Development Company, L.P., Agilent Technoligies, all past and present directors, officers, employees, agents, affiliates, and representatives (including consultants and attorneys) of any of the foregoing.

4.      "Cree's patents" refers to U.S. Patent Nos. 6,614,056 and 6,885,036.

## ATTACHMENT A: TOPICS FOR DEPOSITION

**NO. 1.**    All facts and circumstances relating to the conception of the alleged invention claimed in U.S. Patent No. 6,307,218, to Steigerwald et al. (the "'218 patent"), including without limitation, the named inventors' research, design, development, or engineering of the subject matter disclosed or claimed in the '218 patent, including without limitation, masks, mask set designs, photocopies of masks, project history files, emails, flow charts, engineering notebooks, laboratory notebooks, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, drawings, schematics, specifications, memoranda, and diagrams.

**NO. 2:**    All facts and circumstances relating to the first actual or constructive reduction to practice of the alleged invention of the '218 patent, including without limitation, any diligence involved in reduction to practice the alleged invention of the '218 patent, and all documents or communications relating thereto, including without limitation, project history files, notes, flow charts, engineering notebooks, laboratory notebooks, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, invention disclosures, or patent prosecution records.

**NO. 3:**    All facts and circumstances relating to the contributions of each of the named inventors of the '218 patent to the conception, diligence in reduction to practice or the actual or constructive reduction to practice of the alleged invention of the '218 patent, including without limitation Dr. Steve Lester's contribution to the alleged invention of the '218 patent, including without limitation, Dr. Lester's contribution to the interdigitated electrode patterned LEDs disclosed in the '218 patent, and all documents relating thereto.

**NO. 4:**     All communications between Lumileds and Dr. Steven Lester relating to the subject matter of the '218 patent, Cree's patents, and/or the use interdigitated electrodes or contacts in LEDs, including without limitation, Dr. Lester's communications with George Crawford, Lou Dadok, and/or Brian Oganowski, relating to the same.

**NO. 5:**     All facts and circumstances relating to the HP Invention Disclosure entitled "Interdigitated contact structure for InGaN/sapphire LEDs," filed by Dr. Steven Lester and Dr. Daniel Steigerwald, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, mask set photocopies, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

**NO. 6:**     All facts and circumstances relating to Dr. Steven Lester's work at HP on GaN based LEDs, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

**NO. 7:**     All facts and circumstances relating to the confidentiality policies of work relating to LEDs at Lumileds, including without limitation, any policies restricting employees from publicly disclosing the subject matter of Lumileds' patent applications and/or research & development.

**NO. 8:**     All facts and circumstances relating to the project or product named "Barracuda" (*See* http://home.att.net/~ledmuseum/agilent.htm), including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress

reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

**NO. 9:**     All facts and circumstances relating to all alleged prior art to Cree's patents, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

## ATTACHMENT B:  DOCUMENT PRODUCTION CATEGORIES

**NO. 1:**     All documents and things relating to the conception of the relating to the conception of the alleged invention claimed in the '218 patent, including without limitation, documents relating to the research, design, development, or engineering of the subject matter disclosed or claimed in the '218 patent, including without limitation, engineering notebooks, laboratory notebooks, project history files, emails, masks, mask set designs, mask set photocopies, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, drawings, schematics, specifications, memoranda, and diagrams.

**NO. 2:**     All documents and things relating to the first actual or constructive reduction to practice of the alleged invention of the '218 patent, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, mask set photocopies, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, or invention disclosures.

**NO. 3:**     All documents and things relating to the respective contributions of each of the named inventors of the '218 patent to the conception and/or the actual or constructive reduction to practice of the alleged invention of the '218 patent, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, mask set photocopies, computer files, design records, design reviews, progress reports, presentations, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, or invention disclosures.

**NO. 4:**     All documents and things relating to communications between Lumileds and Dr. Steve Lester, relating to the subject matter of the '218 patent, Cree's patents and/or the use of interdigitated electrodes or contacts in LEDs, including without limitation, Dr. Lester's

communications with George Crawford, Lou Dadok, and/ or Brian Oganowski relating to the same.

**NO. 5:**    All documents and things relating to the HP Invention Disclosure entitled "Interdigitated contact structure for InGaN/sapphire LEDs," filed by Dr. Steven Lester and Dr. Daniel Steigerwald, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, mask set photocopies, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

**NO. 6:**    All documents and things relating to Dr. Steven Lester's work at HP on GaN based LEDs, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

**NO.7:**    All documents and things relating to the project or product named "Barracuda" (*See* http://home.att.net/~ledmuseum/agilent.htm), including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

**NO. 8:**    All documents and things relating to the confidentiality policies of work relating to LEDs, at Lumileds, including without limitation, any policies restricting employees from publicly disclosing the subject matter of Lumileds' patent applications and/or research and development.

<u>**NO. 9:**</u>     All documents and things relating to all alleged prior art to Cree's patents, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

# EXHIBIT  5

## Myers, Aaron

| | |
|---|---|
| **From:** | Myers, Aaron |
| **Sent:** | Friday, March 07, 2008 8:03 AM |
| **To:** | Giri.Pathmanaban@weil.com |
| **Cc:** | Cherian, K.T.; Laiprasert, Jayne; lborchers@myersbigel.com; Ramos, Connie; stimpsonlaw@gmail.com; david.radulescu@weil.com; nicholas.brown@weil.com; ryan.owens@weil.com |
| **Subject:** | RE: BridgeLux, Inc. v. Cree, Inc. E.D. Tex. Civil Action No. 9:06 cv 240; |

Giri,

Thank you for confirming that Cree still refuses to withdraw its Feb. 25 subpoena and that Cree "disagree[s] with [my] view" about that subpoena.

While BridgeLux appreciates that confirmation, we note that Cree has yet to challenge any of the factual statements or legal authorities set forth in my four emails to Cree's counsel specifying why the subpoena is defective.

Accordingly, BridgeLux invites Cree to meet and confer in good faith by specifying the grounds for its disagreement with my prior statements regarding Cree's violations of Rule 45 and BridgeLux's standing to move to quash based on those violations.

In any event, BridgeLux will proceed with its motion to quash.

Sincerely,

Aaron


Aaron Myers
**HOWREY LLP**
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
(650) 798-3594 (direct)
(650) 798-3500 (general)
(650) 798-3600 (fax)
(650) 273-2843 (cell)
myersa@howrey.com


---

**From:** Giri.Pathmanaban@weil.com [mailto:Giri.Pathmanaban@weil.com]
**Sent:** Friday, March 07, 2008 7:56 AM
**To:** Myers, Aaron
**Cc:** Cherian, K.T.; Laiprasert, Jayne; lborchers@myersbigel.com; Ramos, Connie; stimpsonlaw@gmail.com; david.radulescu@weil.com; nicholas.brown@weil.com; ryan.owens@weil.com
**Subject:** RE: BridgeLux, Inc. v. Cree, Inc. E.D. Tex. Civil Action No. 9:06 cv 240;


Aaron,

We are not withdrawing the earlier subpoena.  We disagree with your views about it.

Sincerely,

Giri Pathmanaban*
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Phone: 212-310-8721
Email: giri.pathmanaban@weil.com
* Pending Admission

| | | |
|---|---|---|
| **"Myers, Aaron" <MyersA@howrey.com>** | To | <Giri.Pathmanaban@weil.com> |
| 03/07/2008 10:46 AM | cc | "Ramos, Connie" <ramosc@Howrey.com>, "Laiprasert, Jayne" <LaiprasertJ@howrey.com>, <stimpsonlaw@gmail.com>, "Cherian, K.T." <CherianK@Howrey.com>, <lborchers@myersbigel.com>, <david.radulescu@weil.com>, <ryan.owens@weil.com>, <nicholas.brown@weil.com>, "Scott Stimpson" <stimpsonlaw@gmail.com> |
| | Subject | RE: BridgeLux, Inc. v. Cree, Inc. E.D. Tex. Civil Action No. 9:06 cv 240; |

Dear Giri,

It is unclear from your letter whether Cree is withdrawing its subpoena to Lumileds dated February 25 (which according to your Feb. 28 email was served on Feb. 27). In the event Cree confirms that it has withdrawn that subpoena, BridgeLux will halt its preparations to file a motion to quash that subpoena. Absent such confirmation, BridgeLux intends to file its motion.

With respect to the question of standing, as stated in my earlier emails, Rule 45(b)(1) requires that a party serving a subpoena demanding production of documents "shall" serve "prior notice" on each party in the action in the manner prescribed by FRCP 5(b) before serving the subpoena. Courts have held that next-day or even contemporaneous notice to the parties in the action does not satisfy this "prior notice" requirement. According to your email to Connie Ramos dated Feb. 28 at 11:34 a.m., Cree served the subpoena on Lumileds on Feb. 27, but did not provide notice of the subpoena to BridgeLux until Feb. 28. As BridgeLux is the party affected by Cree's violation of Rule 45(b)(1), BridgeLux has standing to move to quash.

In addition, FRCP 45(b)(2) requires that a party serving a subpoena allow a reasonable amount of time for compliance. While this provision primarily protects the person to whom the subpoena is directed, it also protects the parties in the action. *See, e.g., Biocore Med. Technologies, Inc. v. Khosrowshahi*, 181 FRD 660, 667 (D. KS 1998) (purpose of requirement is to provide adequate time for all parties to object). Courts generally have held that a subpoena demanding appearance or document production less than 10 court days following service of the subpoena fails to allow a reasonable time for compliance. As noted above and in each of my prior emails, according to your email, Cree served the subpoena on February 27, demanding that Lumileds produce documents on March 3, merely three court days following service, and that Lumileds' appear at deposition on March 10, merely eight court days following service. As BridgeLux has been affected by Cree's violation of Rule 45(b)(2), BridgeLux has standing to move to quash.

Please confirm whether Cree has withdrawn its subpoena dated Feb. 25.

Sincerely,

Aaron Myers


Aaron Myers
**HOWREY LLP**
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
(650) 798-3594 (direct)
(650) 798-3500 (general)
(650) 798-3600 (fax)
(650) 273-2843 (cell)
myersa@howrey.com

---

**From:** Giri.Pathmanaban@weil.com [mailto:Giri.Pathmanaban@weil.com]
**Sent:** Friday, March 07, 2008 7:30 AM
**To:** Myers, Aaron
**Cc:** Ramos, Connie; Laiprasert, Jayne; stimpsonlaw@gmail.com; Cherian, K.T.; lborchers@myersbigel.com;
david.radulescu@weil.com; ryan.owens@weil.com; nicholas.brown@weil.com
**Subject:** BridgeLux, Inc. v. Cree, Inc. E.D. Tex. Civil Action No. 9:06 cv 240;

Dear Counsel:

Please see attached.


Sincerely,


Giri Pathmanaban*
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Phone: 212-310-8721
Email: giri.pathmanaban@weil.com
* Pending Admission


< END >

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (postmaster@weil.com), and destroy the original message. Thank you

3/7/2008

------------------------------------------------------------------------------------------
This email and any attachments contain information from the law firm of Howrey LLP, which may be confidential and/or privileged.
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email is prohibited.
If you receive this email in error, please notify us by reply email immediately so that we can arrange for the retrieval of the original documents at no cost to you.

We take steps to remove metadata in attachments sent by email.  Any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission.
If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.
------------------------------------------------------------------------------------------

< END >