NICHOLAS A. BROWN (Bar No. 198210)
nicholas.brown@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendant
CREE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIDGELUX, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>CREE, INC.,<br><br>        Defendant. | Case No. 3:08-mc-80028 JSW (EDL) |

***DECLARATION OF NICHOLAS A. BROWN IN SUPPORT OF OPPOSITION TO MOTION TO QUASH SUBPOENA***

Date:  April 22, 2008
Time:  9:00 a.m.

Date of Filing: March 7, 2008
Trial Date: N/A

*Mag. Elizabeth D. Laporte*

I, Nicholas A. Brown, declare as follows:

1. I am a member of the State Bar of California and the Northern District of California. I am a partner of Weil, Gotshal & Manges LLP in Redwood Shores, California. I submit this declaration in support of Defendants Cree, Inc.'s ("Cree") Opposition To Motion to Quash Subpoena. I have personal knowledge of the facts stated herein, and could and would competently testify to them under oath if called as a witness.

2. Attached hereto as Exhibit **A** is a true and correct copy of email from S. Stimpson to J. Laiprasert regarding whether or not BridgeLux agree to extension for Lumileds deposition.

3. Attached hereto as Exhibit **B** is a true and correct copy of an email dated March 6th, 2008 from S. Stimpson to J. Laiprasert regarding confirmation of BridgeLux's refusal to agree to extension on Lumileds deposition.

4. Attached hereto as Exhibit **C** is a true and correct copy of a letter dated March 18, 2008 from M. Lyons to H. Bunsow, et al regarding "Invention disclosure statements produced by BridgeLux protected by ACP/ WP."

5. Attached hereto as Exhibit **D** is a true and correct copy of an email dated March 6th, 2008 from D. Radulescu to A. Myers regarding a request if BridgeLux is willing to bypass need for discovery from Lumildes by withdrawing it's reliance on confidential information from Dr. Lester's prior employer.

6. Attached hereto as Exhibit **E** is a true and correct copy an email dated March 6, 2008 from J. Laiprasert to D. Radulescu and R. Owens regarding a request for postponement for BridgeLux meet and confer.

7. Attached hereto as Exhibit **F** is a true and correct copy of email dated March 6, 2008 from D. Radulescu to K.T. Cherian regarding BridgeLux effort to block 3rd party subpoenas and cancellation to March 6 meet and confer on remaining depositions.

1

2     I declare under penalty of perjury under the laws of the United States of America that the

3 foregoing is true and correct.

4     Executed on April 1, 2008 in Redwood Shores, California.

5

6     */s/ Nicholas A. Brown*
    Nicholas A. Brown

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**"Scott Stimpson"**
<stimpsonlaw@gmail.com>
03/06/2008 12:49 PM

To: laiprasertj@howrey.com, ·giri.pathmanaban@weil.com

cc: "Eric Kraeutler" <ekraeutler@morganlewis.com>, "Michael Lyons" <mlyons@morganlewis.com>, "David Radulescu" <david.radulescu@weil.com>

bcc:

Subject: Re: Objections to subpoena in Bridgelux litigation

History: This message has been forwarded.

Jayne:

This is further to the voice message I left for you today.

I talked to Giri about the agreement we requested in the below email string, and he said that Cree is generally fine with it, but there is a hesitation due to the looming discovery cut-off in your case. I understand you are scheduled to confer with Cree very late today about whether both Cree and Bridgelux will agree to a general extension, and Giri was understandably hesitant to agree to postpone our deposition until he knew there would be some agreement from Bridgelux to an extension (please correct me if I am wrong, Giri, but I think this is roughly accurate).

I will need to file a motion to quash the subpoena tomorrow, and so I can't really wait any longer to prepare that motion. Will Bridgelux be agreeing with Cree to an extension for any Lumileds deposition? If there will be an extension, then all parties can agree to postpone the deposition, and we can forgo preparing and filing the motion with the court this week.

Please let me know as soon as possible today. Many thanks.

Scott


On 3/4/08, **Scott Stimpson** <stimpsonlaw@gmail.com> wrote:
David:

Can we please get your agreement that any deposition is postponed and will be addressed again after any document production? This will give us time to address narrowing the topics, and Lumileds would still have time to file any necessary motion to quash or for a protective order should we be unable to agree on an appropriate scope for the deposition.

Please let me know.

Thanks.

Scott



| | | |
|---|---|---|
| **"Scott Stimpson"** <stimpsonlaw@gmail.com> 03/06/2008 02:33 PM | To | laiprasertj@howrey.com, giri.pathmanaban@weil.com |
| | cc | "Eric Kraeutler" <ekraeutler@morganlewis.com>, "Michael Lyons" <mlyons@morganlewis.com>, "David Radulescu" <david.radulescu@weil.com>, "awu@morganlewis.com" |
| | bcc | |
| | Subject | Re: Objections to subpoena in Bridgelux litigation |

History: This message has been forwarded.

Jayne:

Thanks for your voice message. I understand that Bridgelux cannot agree to an extension for this subpoena.

Scott


On 3/6/08, **Scott Stimpson** <stimpsonlaw@gmail.com> wrote:
> Jayne:
>
> This is further to the voice message I left for you today.
>
> I talked to Giri about the agreement we requested in the below email string, and he said that Cree is generally fine with it, but there is a hesitation due to the looming discovery cut-off in your case. I understand you are scheduled to confer with Cree very late today about whether both Cree and Bridgelux will agree to a general extension, and Giri was understandably hesitant to agree to postpone our deposition until he knew there would be some agreement from Bridgelux to an extension (please correct me if I am wrong, Giri, but I think this is roughly accurate).
>
> I will need to file a motion to quash the subpoena tomorrow, and so I can't really wait any longer to prepare that motion. Will Bridgelux be agreeing with Cree to an extension for any Lumileds deposition? If there will be an extension, then all parties can agree to postpone the deposition, and we can forgo preparing and filing the motion with the court this week.
>
> Please let me know as soon as possible today. Many thanks.
>
> Scott
>
>
> On 3/4/08, **Scott Stimpson** <stimpsonlaw@gmail.com> wrote:
> > David:
> >
> > Can we please get your agreement that any deposition is postponed and will be addressed again after any document production? This will give us time to address narrowing the topics,

Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
Tel: 650.843.4000
Fax: 650.843.4001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Michael J. Lyons**
Partner
650.843.7507
mlyons@morganlewis.com

March 28, 2008

**VIA E-MAIL AND FIRST CLASS MAIL**

Henry C. Bunsow, Esq.
K. T. Cherian, Esq.
Howrey LLP
525 Market St., Suite 3600
San Francisco, CA 94105-2708
bunsowh@howrey.com
cheriank@howrey.com

David C. Radulescu, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue, 32nd Floor
New York, New York 10153
david.radulescu@weil.com

Re:   *In the Matter of Cree, Inc.'s Rule 45 Subpoena to Philips Lumileds Lighting Co., LLC in the action Bridgelux, Inc. v. Cree, Inc.*, No. CV 08-80029 RMW (PVT) (N.D. Cal.)

Dear Counsel:

    I write regarding documents that Bridgelux has produced in the above-referenced matter. It has come to our attention that certain of the documents that Bridgelux has produced in the litigation are protected from disclosure by the attorney-client privilege and/or work product doctrine between Philips Lumileds and its counsel.

    In particular, Bridgelux has produced "invention disclosure statements" that are marked as Hewlett-Packard confidential information, and are subject to the attorney-client privilege and/or work product protections of Philips Lumileds and its attorneys. For example, the following documents are privileged and/or work product:

Morgan Lewis
COUNSELORS AT LAW

Counsel in *Bridgelux v. Cree*
March 28, 2008
Page 2

        BLTX 000792-93

        BLTX 000739-41

        BLTX 000759-60

Likewise any other invention disclosure statements from HP (Philips Lumileds' predecessor), as well as any other documents or testimony including or disclosing the privileged information contained in such documents, are protected from disclosure by Philips Lumileds' attorney-client and work product privileges.

    Under well-established Federal Circuit precedent, documents such as invention disclosures are privileged. Unless and until Philips Lumileds elects to waive any such privileges, these materials remain privileged and must be returned or destroyed. Accordingly, please either destroy or return all such materials to me, and ensure that your teams do the same. Please also send us a certification confirming that you have fully complied with this request. If you have any questions, please call me to discuss this matter at your earliest convenience.

Sincerely,

*[signature]*

Michael J. Lyons

1-PA/3697294.1



| | | |
|---|---|---|
| **David Radulescu/NY/WGM/US**<br>03/06/2008 10:04 PM | To | "Myers, Aaron" <MyersA@howrey.com> |
| | cc | "K.T. Cherian" <CherianK@Howrey.com>, "Connie Ramos" <ramosc@Howrey.com>, "Laiprasert, Jayne" <Laiprasertj@howrey.com>, Nicholas |
| | bcc | Giri Pathmanaban/NY/WGM/US |
| | Subject | Re: Cree/BridgeLux - deposition subpoena to Lumileds |

History: ⇨ This message has been forwarded.

Aaron--Thanks for the summary. I'm in deposition tomorrow with Sunny so I won't be able to repond now to any details but have sent Sunny an email to call me tonight or tomorrow regarding the motion practice that BridgeLux seeks to now pursue on the Lumileds subpoena as well as the Harris & Harris subpoena --none of which I think is necessary. I understand that Lumileds is ok with the subpoena but simpy wants an extension that Bridgelux is refusing to provide.

With respect to the references to any discovery motions, please make sure that BridgeLux reviews Judge Clark's Order issued today regarding logistics (and have your local counsel confirm he agrees with your reading of the order). However, I would hope that BridgeLux reconsiders its desire to rush into NDCal, SDNY and EDTex on such issues. I look forward to talking to Sunny. Also, I've copied LumiLeds' counsel (both outside and inside) on this email since the subject subpoena is directed it (not Brideglux) and Lumileds is the one that should have the loudest voice in this process (and the most to say as to how they prefer to proceed with minimal burden). Keep in mind that Lumileds requested that we serve the subpoena in the first place and the "noticed" dates were required by the March 10th discovery close.

Finally, to the extent that BridgeLux will withdraw its reliance in this case on confidential HP documents Dr. Lester obtained from Lumileds/HP, we would be willing to reconsider the need for the subpoena altogether. As you know, Bridgelux's desire to put HP/Lumileds' prior work into play in this case is the motivation for the need to proceed with the subpoena so that the Court will have the "full story" and not just unsubstantiated claims of HP/Lumileds' prior confidential research and development. Let us know if Bridgelux would be willing to by-pass the need for discovery from Lumileds by withdrawing its reliance on confidential information from Dr. Lester's prior employer.

Best regards,

David C. Radulescu
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8906 (O)
(212) 310-8007 (F)
(917) 538-9871 (C)

----- Original Message -----
From: "Myers, Aaron" [MyersA@howrey.com]
Sent: 03/06/2008 09:05 PM EST
To: David Radulescu
Cc: "Cherian, K.T." <CherianK@Howrey.com>; "Ramos, Connie" <ramosc@Howrey.com>; "Laiprasert, Jayne" <Laiprasertj@howrey.com>
Subject: Cree/BridgeLux - deposition subpoena to Lumileds



"Laiprasert, Jayne"
&lt;Laiprasertj@howrey.com&gt;
03/06/2008 06:09 PM

To &lt;david.radulescu@weil.com&gt;, &lt;Ryan.Owens@weil.com&gt;
cc &lt;Giri.Pathmanaban@weil.com&gt;, "Ramos, Connie" &lt;ramosc@Howrey.com&gt;
bcc
Subject Meet and Confer scheduled for 4:00 p.m. PST

David and Ryan:
BridgeLux is not going to be available at 4:00 p.m. for a meet and confer, and requests a postponement until later this evening. We will follow up with an update regarding our availability.

Thanks,
Jayne

Jayne Laiprasert
**Howrey LLP**
525 Market Street, Suite 3600
San Francisco, CA 94105-2708
Direct Dial: 415.848.3241
Fax:415.848.4999
laiprasertj@howrey.com

*Admitted only in Illinois.  Not admitted in California.*

---

This email and any attachments contain information from the law firm of Howrey LLP, which may be confidential and/or privileged.
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email is prohibited.
If you receive this email in error, please notify us by reply email immediately so that we can arrange for the retrieval of the original documents at no cost to you.

We take steps to remove metadata in attachments sent by email.  Any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission.
If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

---



**David Radulescu/NY/WGM/US**
03/06/2008 08:23 PM

To  "K.T. Cherian" <CherianK@Howrey.com>
cc  "Connie Ramos" <ramosc@Howrey.com>, "Rob Kramer" <kramerR@howrey.com>
bcc  Giri Pathmanaban/NY/WGM/US
Subject  Cree/BridgeLux: Remaining Discovery

History:  This message has been forwarded.

Sunny--Can you call me on my cell? I understand the BridgeLux is now interfering with or trying to block the 3rd party subpoenas on Lumileds and Harris & Harris (which, until today, we were all cooperating on). (It looks like those subpoenas are going to result in motion practice in SDNY, NDCal and, if BridgeLux gets its way, EDTex).

I also understand that BridgeLux cancelled today's meet and confer on the remaing depos and our discussions of a reasonable deposition conclusion plan in light of Monday's close of fact discovery. We have been working under the assumption that BridgeLux would cooperate with Cree on the above and I'm now getting concerned that BridgeLux has adopted a new view on how to proceed going forward.

If you can't call me tonight, feel free to call me when you get to SFO in the morning on your way to Santa Barbara.

Best regards,

David C. Radulescu
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8906 (O)
(212) 310-8007 (F)
(917) 538-9871 (C)